**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4041**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUAH TAYLOR BRADSHAW,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00356-CCE-1)

_____

Submitted:  December 30, 2024                Decided:  March 28, 2025

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  K. P. Kennedy Gates, Assistant United States. Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshuah Taylor Bradshaw pled guilty, pursuant to a written plea agreement, to sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), (e), and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). The district court sentenced Bradshaw to the statutory maximum of 600 months' imprisonment followed by 50 years of supervised release. Bradshaw's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bradshaw's sentence is reasonable. Bradshaw has filed a pro se supplemental brief alleging that he did not knowingly waive his right to appeal, that he should have received a downward variance because of his mental health condition, and that he should not have received the statutory maximum sentence because he does not have a criminal history. The Government moves to dismiss the appeal pursuant to the appellate waiver in his plea agreement. We dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver

2

is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that Bradshaw knowingly and voluntarily waived his rights to appeal. In the plea agreement, Bradshaw waived the right to appeal his convictions and sentence on any ground, with limited exceptions not present on this record. The sentencing issues raised in the *Anders* and pro se briefs fall squarely within the scope of Bradshaw's valid waiver of appellate rights.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Bradshaw's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to all issues covered by the waiver. We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Bradshaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Bradshaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bradshaw.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*